WILLIAM C. BRYANT v. ENOCHS LUMBER & MANUFACTURING COMPANY.

[49 South. 113.]

OPEN ACCOUNTS. *Oath to. Code* 1906, § 1978. *Unascertained credit.*

An open account showing on its face that the party charged is entitled to credit for an unascertained sum, although sworn to under Code 1906, § 1978, making a sworn account in the absence of a counter affidavit *prima facie* evidence of its correctness, does not alone warrant a judgment in plaintiff's favor for the aggregate amount of the items with interest.

FROM the circuit court of, first district, Yalobusha county.

HON. SAMUEL C. COOK, Judge.

The Enochs Lumber & Manufacturing Company, appellee, was plaintiff in the court below; Bryant, appellant, was defendant there. From a judgment in favor of plaintiff the defendant appealed to the supreme court.

The Enochs Lumber & Manufacturing Company sued the defendant, Bryant, on open account duly sworn to for lumber which it had sold him. On the trial the plaintiff introduced its itemized and sworn account, showing an indebtedness of "$365.07 less credit of freight bill on car when produced," and rested its case. There were a number of defenses interposed by the defendant, but no counter affidavit was filed under Code 1906, § 1978, to meet the sworn statement of plaintiff. After the introduction of testimony for defendant the jury, under peremptory instruction of the court, returned a verdict for the plaintiff for $365.07 and interest, being the full amount sued for in the declaration.

*Creekmore & Stone,* for appellant.

The sworn account upon which appellee rested its case, showed upon its face that the amount claimed was uncertain and indefinite. It is made out for "$365.07, less credit of freight

bill on car when produced." Under Code 1906, § 1978, appellee has furnished no basis for a judgment, and the court below was not warranted in peremptorily instructing the jury in favor of appellee. One of the fundamental requisites of a sworn account so as to sustain a judgment is that it shall be for a fixed amount.

*Kimmons & Kimmons,* for appellee.

The account which was sued on by appellee was properly sworn to and in accordance with Code 1906, § 1798. There was no counter affidavit filed by appellant. Appellee was accordingly entitled to judgment. *Bonner v. White,* 78 Miss. 653. There was no testimony offered to show that the lumber in question was of less value than set forth in the account.

The appellant did not deny under oath the debt sued for but simply claimed that he was entitled to have it reduced by a set-off which, we think, could not possibly be recovered, and it followed that there was nothing for the court to do but to award the peremptory instruction for appellee.

MAYES, J., delivered the opinion of the court.

On the face of the account it appears that appellant is entitled to a credit of the freight on the lumber. The court instructed the jury peremptorily to find for plaintiff. Since the credit was not made on the account, and it appearing by the admission of plaintiff on the face of it that appellant was entitled to a credit, the instruction was improper. We decide no other question in the case.

For this error the judgment is *reversed and remanded.*